UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ROBINSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEVEN JOHNSON, et al.,<br><br>　　　　Respondents. | Civil Action No. 15-8097(FLW)<br><br><br>MEMORANDUM AND ORDER |

　　　*Pro se* Petitioner Kevin Johnson, a prisoner confined at New Jersey State Prison, has filed a motion requesting a 60-day extension of time to file his Reply to Respondent's Answer. (ECF No. 10.) In that motion and a subsequent motion (ECF No. 11), Petitioner also states the following regarding Respondent's Answer and supporting exhibits:

> (6)　　In addition[] to the time restraints, the state/attorney general has failed to supply me with the transcripts to all the court hearing proceedings prior to May 16, 2008. In addition to the full discovery. On 12/4/2015, the court ordered that further portions of the existing transcript be furnished and that certain portions of the non-transcribed proceedings be transcribed and furnished.
>
> (7)　　The State/attorney general has failed to supply me with a copy of all the exhibits in which they used to support their contention in their brief citation of exhibits. They did not include my pro se brief for direct appeal, they did not include my defense counsel's amended brief which included my whole pro se brief because he mistakenly added only half of my pro se brief in his appendix to his initial brief for Post Conviction Relief (P.C.R.), they did not include my defense counsel's brief for P.C.R. appeal, they did not include my pro-se brief for P.C.R. appeal, and they did not include my pro-se reply brief responding to the prosecutor's brief for P.C.R. appeal.
>
> (8)　　On July 29, 2016, I signed for the State's response and the only documents that were enclosed were the cover letter, the answer against my petition, which was 2 pages, the memorandum of law in support of their answer which is 70 pages, and the exhibits which look to be about 300 pages or more.

1

Petitioner also requests that "the court order the State to turn over the full discovery, the transcripts to the grand jury hearing proceedings, the transcripts to all the court hearing proceedings prior to May 16, 2008, and they juror's answer sheet pertaining to their voir dire questionnaire to support my petition and confirm the facts the state/attorney general used to support their contention in their brief." (*Id.* at ¶ 10.)

From the outset, it appears that some of Petitioner's requests are overly broad, as he is not entitled in a habeas proceeding to "the full discovery" in his criminal case or "the transcripts to the grand jury hearing proceedings." *See, e.g., Cullen v. Pinholster*, ––– U.S. –––, 131 S.Ct. 1388, 1398 (explaining that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits")(emphasis added); *see also Brown v. Wenerowicz*, 663 F.3d 619, 628 (3d Cir. 2011). As explained by the Third Circuit in *Grant v. Lockett*, 709 F.3d 224, 231 (3d Cir. 2013) "[if] a claim has been adjudicated on the merits by a state court, a federal habeas petition[er] must overcome the limitation of § 2254(d)(1) on the record that was before that state court." [citing *Pinholster*, 131 S.Ct.] at 1400. The petitioner may not introduce new evidence before a federal habeas court. *Id.* In addition, review of a claim under § 2254(d)(2) is specifically limited to 'evidence presented in the State court proceeding.'" (citing 28 U.S.C. § 2254(d)(2)). As such, Petitioner would only be entitled to evidence such as the juror's voir dire questionnaires if those documents were part of the record considered by the state court below, and Petitioner has made no such showing. Petitioner, however, also appears to contend, however, that Respondent has filed to provide him with transcripts and briefs that were part of the state court record below.

The Court has reviewed Respondent's Answer, supporting brief, and exhibits, and finds that the submission does not comply with the Court's Order or the Rule 5 of the Rules Governing Section 2254 Petitions filed in the United State District Courts.  In the Order to answer, the Court

> ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5 in providing the relevant state court record of proceedings, <u>in particular, the answer "shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall also be attached to the answer such portions of the transcripts as the answering party deems relevant.</u> The Court on its own motion or upon request of the Petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer." Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts . . .

(ECF No. 3, Order to Answer at page 2 (emphasis added).)  The Court further

> ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition as to whether the Petitioner has made a substantial showing of the denial of <u>a federal constitutional right</u>

 (*Id.* (emphasis added).)

First, although the "List of Exhibits" in Respondent's supporting brief includes <u>nine transcripts</u>, none of these transcripts were electronically filed as exhibits to the Answer.  (*See* ECF No. 8-1, Brief at 2; ECF No.)  It is not clear whether Petitioner was served with copies of these transcripts or other briefs that he contends are missing.

Second, although the Order specifies that Respondent's Answer must address "whether the Petitioner has made a substantial showing of the denial of <u>a federal constitutional right</u>"

3

(emphasis added), the 70-page supporting brief submitted by Respondent addresses the claims solely in terms of state law (*see* ECF No. 8-1.), which is not the relevant analysis on federal habeas review. Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added.) A federal district court reviewing a Section 2254 petition must determine whether the state court's adjudication of the claims raised was either (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. With respect to each claim for relief in the habeas Petition, Respondent's supporting brief fails to address the relevant questions on habeas review, *i.e.*, whether Petitioner raised violations of the United States Constitution or federal law in the state court proceedings below, and, if yes, whether he has made a substantial showing of the denial of a federal constitutional right with respect to any of the claims raised on habeas review.

    For the reasons explained above, the Court will strike the Respondent's Answer, supporting brief, and exhibits, and will provide Respondent with 30 days to submit an Amended Answer and supporting brief, with appropriate citations, that complies with the Court's Order.[1] Respondent shall also electronically file the relevant exhibits, including the relevant transcripts relied on by Respondent and the briefs that were considered by the state court in connection with Petitioner's claims. Finally, Respondent shall serve the Answer, supporting brief, and accompanying exhibits on Petitioner, and file an electronic certificate of service.

---

[1] The Court notes that Respondents have requested and received several extensions of time. No further extensions will be provided.

Petitioner shall file his reply within 60 days of his receipt of Respondent's Amended Answer, supporting brief, and exhibits.  To the extent Petitioner believes that Respondent has failed to provide relevant transcripts and/or exhibits <u>that were part of record considered by the state court below</u>, he should notify the Court within 30 days of his receipt of Respondent's Amended Answer and explain how the missing transcripts and/or exhibits are relevant to his claims for relief.

**IT IS, THEREFORE**, on this 21st day of September, 2016,

**ORDERED** that for the reasons stated in this Memorandum and Order, the Court will strike the Respondent's Answer, supporting brief, and exhibits, and will provide Respondent with 30 days to submit an Amended Answer and supporting brief, with appropriate citations; Respondent shall also electronically file the relevant exhibits, including the portions of the transcripts relied on by Respondent and the briefs considered by the state court in connection with Petitioner's claims;  Respondent shall serve the Amended Answer, supporting brief, and the exhibits on Petitioner, and file an electronic certificate of service; and it is further

**ORDERED** that Petitioner's motion request for extension of time (ECF No. 10) is **DENIED as moot**; Petitioner shall file his reply within 60 days of his receipt of Respondent's Amended Answer, supporting brief, and exhibits; and it is further

**ORDERED** that Petitioner's motion request for all existing transcripts, to have non-transcribed proceedings transcribed, and for other evidence (ECF No. 11) is **DENIED WITHOUT PREJUDICE** at this time in light of the Court's Order requiring Respondent to submit an Amended Answer; after Petitioner receives Respondent's Amended Answer, supporting brief, and exhibits, Petitioner may renew his motion if he believes that Respondent has failed to provide relevant transcripts and/or exhibits <u>that were considered by the state court in</u>

adjudicating his claims for relief; if Petitioner wishes to renew his motion, he must notify the Court within 30 days of his receipt of Respondent's Amended Answer and explain how the transcripts and/or evidence are relevant to his claims for relief; and it is further

**ORDERED** that the Clerk of the Court is directed to send a copy of this Order to Petitioner at the address on file.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge